UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEIVI RIVERA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VALYRIA LLC, et al.,<br><br>　　　　Defendants. | No. 2:23-cv-02113-CKD<br><br><br>ORDER |

Defendants, Valyria LLC and Transpac, removed this putative class action to this court from the Solano County Superior Court. (ECF No. 1.) Pursuant to the parties' consent and court's order of October 13, 2023, this case proceeds before the undersigned for all purposes, including trial and entry of judgment. (ECF Nos. 5, 7, 8.) Plaintiff's motion to remand is before the court. (ECF No. 10.) This matter is appropriate for decision without oral argument and is ordered submitted without oral argument pursuant to Local Rule 230(g). For the reasons set forth below, the hearing set for November 29, 2023, is vacated and the case is remanded to the state court.

**I.　　Background**

Plaintiff, Deivi Rivera, filed this action on July 3, 2023, in the Solano County Superior Court. (ECF No. 1-2, Exh. A.) Plaintiff's complaint contains eight causes of action as follows: (1) failure to pay minimum and straight time wages (Cal. Lab. Code §§ 204, 1194, 1194.2, and

1

1197); (2) failure to pay overtime wages (Cal. Lab. Code §§ 1194 and 1198); (3) failure to provide meal periods (Cal. Lab. Code §§ 226.7, 512); (4) failure to authorize and permit rest periods (Cal. Lab. Code § 226.7); (5) failure to timely pay final wages at termination (Cal. Lab. Code §§ 201-203); (6) failure to provide accurate itemized wage statements (Cal. Lab. Code § 226); (7) failure to indemnify employees for expenditures (Cal. Lab. Code § 2802); and (8) unfair business practices (Cal. Bus. & Prof. Code §§ 17200, et seq.). (See ECF No. 1-2 at 16-26.)

Citing diversity jurisdiction under 28 U.S.C. §§ 1332(a), 1441(b), defendants filed a notice of removal on September 26, 2023. (ECF No. 1.) Defendants' notice of removal asserts the amount in controversy in this civil action exceeds $75,000, exclusive of interests and costs, and that it is between citizens of different states such that complete diversity exists. (See id. at 2.)

On October 25, 2023, plaintiff filed the instant motion to remand, challenging defendants' assertion regarding amount in controversy. (ECF No. 10.) Defendants filed an opposition to the motion on November 8, 2023. (ECF No. 11.) On November 17, 2023, plaintiff filed an untimely reply. (ECF No. 13.)

**II.     Legal Standard**

A district court must remand a case if it lacks jurisdiction over the matter. United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004); see also 28 U.S.C. § 1447(c). "The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed against removal jurisdiction," id., which "must be rejected if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010).

The amount in controversy is an "estimate of the total amount in dispute." Lewis v. Verizon Communications, Inc., 627 F.3d 395, 400 (9th Cir. 2010) (citation omitted). In the Ninth Circuit, when the amount of damages is unspecified, the removing party must show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. Canela v. Costco Wholesale Corp., 971 F.3d 845, 849 (9th Cir. 2020); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) ("Under this burden, the defendant

must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the jurisdictional amount]."). To determine if the amount in controversy is met, the district court considers the complaint, allegations in the removal petition, and "summary-judgment-type evidence relevant to the amount in controversy[.]" Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005) (citation omitted); see also Fritsch v. Swift Transportation Co. of Arizona, LLC, 899 F.3d 785, 788 (9th Cir. 2018) (clarifying the amount in controversy is not limited to amount at time of removal with respect to future attorneys' fees).

For consolidated cases, 28 U.S.C. § 1367 authorizes supplemental jurisdiction over the claims of other plaintiffs where at least one named plaintiff in the action satisfies the amount in controversy requirement. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 549 (2005). In a class action removed outside of the Class Action Fairness Act, see 18 U.S.C. § 1332(d), "at least one named plaintiff in the class must satisfy the $75,000 amount in controversy requirement." Lindsey v. WC Logistics, Inc., 586 F. Supp. 3d 983, 992 (N.D. Cal. 2022).

### III. Analysis

Plaintiff argues diversity jurisdiction does not exist because defendants have not provided competent and reliable evidence that the amount in controversy exceeds $75,000. (ECF No. 10 at 9-13.)[1] Plaintiff argues defendants' evidence pertaining to attorneys' fees is speculative and fails to recognize that attorney fees must be divided by the number of class members. (Id. at 13-15.) Plaintiff argues defendants' inclusion of the meal period violation claim is improper and a distraction because defendants did not remove under the Class Action Fairness Act. (Id. at 15-16.)

Defendants respond that they have satisfied the burden of showing the amount in controversy. (ECF No. 11.) Defendants argue a reasonable reading of the complaint plausibly alleges well in excess of the $25,000 sum pleaded for an unlimited civil case in California, with the total amount unstated. (ECF No. 1 at 5-6.) Defendants argue the named plaintiff alleges eight separate causes of action, and seeks at least two different civil penalties under the Labor Code which place in controversy $4,000 and a maximum of 30 days' worth of wages, or up to $2,840,

---

[1] Citations to page numbers in the parties' briefs refer to the numbers assigned by CM/ECF at the top of the page.

respectively. (Id. at 6-7.) Defendants argue their conservative estimate of attorney fees was properly included, and that fee awards in comparable federal cases make it plausible that attorney fees could exceed $75,000 in this case. (Id. at 7-10.) Defendants request jurisdictional discovery in the event the motion to remand is not denied in its entirety. (Id. at 10-11.)

Defendants do not satisfy their burden to provide "summary-judgment-type evidence" that the amount in controversy exceeds $75,000. Kroske, 432 F.3d at 980. Defendants' estimation that an award of attorney fees would satisfy the amount in controversy is "too speculative to support diversity jurisdiction." Aguilar v. Amazon.com, Inc., No. 23-CV-00527-VC, 2023 WL 4038638, at *3 (N.D. Cal. June 15, 2023); see also Fritsch, 899 F.3d at 795. The declaration of Joseph Huprich in Support of Defendants' Opposition to Plaintiff's Motion to Remand lists cases in which the attorneys' fees awarded exceeded the amount in controversy threshold. (ECF No. 11-1, ¶ 4.) These cases are not persuasive to show the amount in controversy in this case because defendants do not establish how they are similar or dissimilar to the instant action for purposes of attorney fees.

The cases cited in defendants' opposition memorandum as support for defendants' "conservative[ ] estimate" of attorney fees are also unpersuasive. (See ECF No. 11 at 8.) See Owuor v. Wal-Mart Assocs., Inc., No. 2:21-CV-02232-KJM-JDP, 2022 WL 1658738, at *1 (E.D. Cal. May 25, 2022) (single plaintiff gender and pregnancy discrimination lawsuit); Sasso v. Noble Utah Long Beach, LLC, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *1 (C.D. Cal. Mar. 3, 2015) (single plaintiff unlawful termination case). Defendants do not explain how single plaintiff discrimination cases are similar to this case for the purpose of estimating attorney fees. Defendants also do not meaningfully address plaintiff's argument that they appear to rely on an estimate of total future attorney fees including fees awarded to the class. Fees awarded to the entire class cannot be allocated solely to the plaintiff for purposes of the amount in controversy. See Gibson v. Chrysler Corp., 261 F.3d 927, 942 (9th Cir. 2001); Magee v. Iconix Waterworks (US) Inc., No. 2:20-CV-00840-KJM-DB, 2020 WL 4188607, at *3 (E.D. Cal. July 21, 2020).

Defendants' evidence regarding estimated future attorney fees does not permit the court to conclude it is more likely than not that plaintiff's individual claims in this case meet the amount

in controversy threshold of $75,000. Defendants' other arguments are equally unpersuasive because they amount to no more than conjecture and speculation that the amount in controversy may be satisfied.

Defendants request jurisdictional discovery. Whether to allow jurisdictional discovery is entrusted to the court's discretion. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 691 (9th Cir. 2006) ("[a]n appellate court will not interfere with the trial court's refusal to grant [jurisdictional] discovery except upon the clearest showing that the dismissal resulted in actual and substantial prejudice to the litigant….") (quoting Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 n. 24 (9th Cir. 1977).)

Here, plaintiff argued defendants' failure to provide competent evidence of the amount in controversy is particularly inexcusable because defendants have ready access to the employer's facts, records, and information necessary to support specific amount in controversy calculations. (ECF No. 10 at 13.) Defendants have not addressed why they lack any necessary information or what jurisdictional discovery they would seek if allowed to do so. Under these circumstances, defendants do not make a persuasive argument that the court should allow jurisdictional discovery in this instance.

### IV.   Conclusion and Order

The court lacks removal jurisdiction over this case. In accordance with the above, IT IS HEREBY ORDERED as follows:

1. The hearing set for November 29, 2023, is VACATED.
2. This action is REMANDED to the Solano County Superior Court.
3. The Clerk of the Court is directed to serve a certified copy of the order remanding the case on the Clerk of the Solano County Superior Court, and to reference the state case number CU23-02357 in the proof of service.
4. The Clerk of Court is directed to close this case.

Dated:  November 22, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE